UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DORIS INISE CHAPPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 18-1096-JDT-egb |
| | ) |
| COUNTY/CITY OF LEXINGTON, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TO MODIFY THE DOCKET, OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 1, 2018, Plaintiff Doris Inise Chappel, a resident of Cedar Grove, Tennessee, filed a *pro se* civil complaint, a motion to proceed *in forma pauperis* and a motion for appointment of counsel. (ECF Nos. 1, 2 & 3.) On June 20, 2018, U.S. Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis*. (ECF No. 9.) Plaintiff filed a motion to amend her complaint on June 4, 2018. (ECF No. 6.) Subsequently, on September 26, 2018, Magistrate Judge Bryant filed a Report and Recommendation (R&R) in which he recommended the complaint and amended complaint be dismissed *sua sponte* for failure to state a claim.[1] (ECF No. 10.) Plaintiff filed timely objections on October 9, 2018. (ECF No. 11.)

---

[1] In the R&R, the Magistrate Judge effectively granted Plaintiff's motion to amend by stating he had considered the amended complaint. Therefore, the Clerk is directed to MODIFY the docket to show the motion to amend is no longer pending.

Plaintiff has sued the State of Tennessee; the City of Lexington and Henderson County (inaccurately named in the complaint collectively as the "City/County of Lexington"); Joseph Lynn Murphy, the Fire Chief for Henderson County; Jerry Woodall, former District Attorney General for the 26th Judicial District of Tennessee; and Angela R. Scott, an Assistant District Attorney. Plaintiff alleges that a fire damaged her home on April 23, 2016. (ECF No. 1 at 2.) On June 1, 2017, she was indicted on a charge of arson and was then arrested on June 5, 2017. (*Id.*) Plaintiff alleges the arson charge is the result of malicious prosecution by Murphy, Woodall and Scott. (*Id.* at 4-8; ECF No. 6.) Plaintiff also alleges the Defendants violated her rights by failing to comply with various state procedural rules, including failure to provide her with a preliminary hearing to establish probable cause. (ECF No. 1 at 4-8; ECF No. 6.) She seeks dismissal of the criminal charge against her as well as both compensatory and punitive damages. (ECF No. 1 at 8.)

In the R&R, Magistrate Judge Bryant found that Plaintiff's claims are subject to dismissal. First, he determined that Plaintiff cannot sue the State of Tennessee under 42 U.S.C. § 1983 because a state is not a person within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).[2] The Magistrate Judge also determined that Plaintiff had alleged no wrongdoing by either the City of Lexington or Henderson County. In her objections to the R&R, Plaintiff concedes that she named the State of Tennessee, the City of Lexington and

---

[2] In addition, the State of Tennessee is immune from suit under the Eleventh Amendment to the United States Constitution unless that immunity is specifically waived. *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102.

Henderson County only because they employed the persons who allegedly violated her rights. Therefore, her claims against these Defendants are subject to dismissal.

Magistrate Judge Bryant also correctly determined that Plaintiff's malicious prosecution claims against Defendants Murphy, Woodall and Scott fail to state a claim because the criminal proceeding brought against her in state court has not terminated in her favor. *See Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (setting out the four elements of a malicious prosecution claim). Indeed, in Plaintiff's objections, she indicates the charge is still pending. (ECF No. 11 at 1.)

Furthermore, as prosecuting attorneys, Defendants Woodall and Scott are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012); *see also Burns v. Reed*, 500 U.S. 478, 490-92 (1991). Therefore, Defendants Woodall and Scott cannot be sued for malicious prosecution. *O'Neal v. O'Neal*, 23 F. App'x 368, 370 (6th Cir. 2001); *see also Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004) (noting that "prosecutors are absolutely immune from many malicious prosecution claims"); *Roybal v. State of Tenn. Dist. Attorney's Office*, 84 F. App'x 589 (6th Cir. 2003).

Notwithstanding that the state criminal case against her is ongoing, Plaintiff asserts in her objections that her claims in this case should be allowed to go forward because of the alleged lack of due process in that criminal proceeding. However, a federal court cannot intervene to stop a pending state court criminal proceeding except in extraordinary circumstances. Under the Anti-

Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). In *Mitchum v. Foster*, 407 U.S. 225 (1972), the Supreme Court held that 42 U.S.C. § 1983 was a statutory exception to the Anti-Injunction Act. However, the Supreme Court went on to emphasize:

> In so concluding, we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding. These principles . . . were canvassed at length last Term in *Younger v. Harris*, 401 U.S. 37 [(1971)]; and its companion cases. They are principles that have been emphasized by this Court many times in the past. *Fenner v. Boykin*, 271 U.S. 240 [(1926)]; *Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89 [(1935)]; *Beal v. Missouri Pac. R. Co.*, 312 U.S. 45 [(1941)]; *Watson v. Buck*, 313 U.S. 387 [(1941)]; . . . *Douglas v. City of Jeannette*, 319 U.S. 157 [(1943)]; *Stefanelli v. Minard*, 342 U.S. 117 [(1951)]; *Cameron v. Johnson*, 390 U.S. 611 [(1968)].

*Mitchum*, 407 U.S. at 243. In *Younger*, 401 U.S. at 45-54, the Supreme Court held that federal courts should abstain from granting injunctive or declaratory relief that would interfere with pending state criminal prosecutions in the absence of extraordinary circumstances. Plaintiff's allegations in this case do not rise to that level.

The Court OVERRULES Plaintiff's objections to the Magistrate Judge's R&R. The R&R is ADOPTED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) for failure to state a claim on which relief may be granted. Plaintiff's motion for appointment of counsel is DENIED as moot.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee to the District Court Clerk or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE